## HANS NELSON v. T. F. McCUE.

(163 N. W. 724.)

**Specific performance — party seeking — must have fully and fairly performed — on conditions — immaterial parts — good faith.**

Specific performance cannot be enforced in favor of a party who has not fully and fairly performed all the conditions of the contract on his part, except when his failure to perform is only partial and either entirely immaterial or capable of being fully compensated. A party seeking specific performance of a contract must make some showing of good faith and fairness on his part.

Opinion filed March 7, 1917. Rehearing denied June 22, 1917.

Appeal from the District Court of Wells County, Honorable *J. A. Coffey*, J.

Affirmed.

*T. F. McCue*, for appellant.

An abortive notice for the cancelation of a land contract cannot be extended by construction so as to forfeit the contract. The statute must must be complied with. Comp. Laws 1913, § 8119.

The grounds upon which a contract may be forfeited must be contained in the contract, and none others can be considered. Cughan v.

Larson, 13 N. D. 373, 100 N. W. 1088; 2 Warvelle, Vend. & P. p. 951; Bennett v. Glaspell, 15 N. D. 239, 107 N. W. 45; Davis v. Jewett, 3 G. Greene, 226.

The notice should not only contain the grounds, but it should give the party the length of time in which to comply with the contract mentioned therein, or provided by statute, and in no case a less time than that provided by statute. Bowen v. Detroit City R. Co. 54 Mich. 496, 52 Am. Rep. 822, 20 N. W. 562; Basse v. Gallegger, 7 Wis. 448, 76 Am. Dec. 225; Gaughen v. Kerr, 99 Iowa, 214, 68 N. W. 694; Pier v. Lee, 14 S. D. 600, 86 N. W. 644.

When an abandonment of real estate is alleged, the burden of proof is upon the party who alleges it; he must also show by evidence that such abandonment is positive and unequivocal and inconsistent with the continuance of the contract. 30 Cyc. 1353; Boone v. Drake, 109 N. C. 79, 13 S. E. 724; Leach v. Rowley, 138 Cal. 709, 72 Pac. 403; Huffman v. Hummer, 18 N. J. Eq. 83, 2 Mor. Min. Rep. 242; Holden v. Purefoy, 108 N. C. 163, 12 S. E. 848; Lasher v. Loeffler, 190 Ill. 150, 60 N. E. 85; Evans v. Gerry, 174 Ill. 595, 51 N. E. 615; Plummer v. Kelly, 7 N. D. 88, 73 N. W. 70; Mullin v. Bloomer, 11 Iowa, 360.

Where the statute fixes the specific method of enforcing the contract, such procedure is exclusive and must be strictly followed. 26 Am. & Eng. Enc. Law, p. 671, and cases cited; Evans v. Gerry, 174 Ill. 595, 51 N. E. 615; Bucholz v. Leadbetter, 11 N. D. 473, 92 N. W. 830.

A purchaser of real property will not be presumed on appeal to have purchased in good faith for value and without notice of a prior unrecorded conveyance from his grantor, in the absence of any finding in regard thereto. Parrish v. Mahany, 12 S. D. 278, 76 Am. St. Rep. 604, 81 N. W. 295.

"The term 'chose in action' is one of comprehensive import. It includes the infinite variety of contracts, covenants, and promises which confer on one party the right to recover a personal chattel or a sum of money from another by action." Sheldon v. Sill, 8 How. 441, 12 L. ed. 1147.

An executory contract for the purchase of land is a chose in action. Cook v. Bell, 18 Mich. 387.

A chose in action may be assigned by parol. Roberts v. First Nat.

Bank, 8 N. D. 474, 79 N. W. 993; Van Cise v. Merchants' Nat. Bank, 4 Dak. 485, 33 N. W. 897.

Equitable titles frequently rest entirely in parol, and the contract or agreement in many cases can only be proved by parol. Hardin v. Hardin, 26 S. D. 601, 129 N. W. 108; 2 Am. & Eng. Enc. Law, p. 1053; Currier v. Howard, 14 Gray, 513; Durst v. Swift, 11 Tex. 273; Bullion v. Campbell, 27 Tex. 653; Doniphan v. Street, 17 Iowa, 317; Dickey v. Lyon, 19 Iowa, 544; Henniges v.Paschke, 9 N. D. 495, 81 Am. St. Rep. 588, 84 N. W. 350.

Where one paper refers to another for terms, it is the same as though the words of the one referred to were inserted in the former; and the same is true as to papers annexed to the principal one. Clapp v. Forster, 67 Iowa, 49, 24 N. W. 587; 9 Cyc. 582; Gerdes v. Moody, 41 Cal. 335; Goodwin v. Nickerson, 51 Cal. 166; Miller v. Edgerton, 38 Kan. 36, 15 Pac. 894; Elmore v. Higgins, 20 Iowa, 250; Short v. Van Dyke, 50 Minn. 286, 52 N. W. 643.

"The word 'the' designates one particular thing from a class or number, dissociating it from others of the same class." United States v. Hudson, 65 Fed. 68; Wastl v. Montana Union R. Co. 24 Mont. 159, 61 Pac. 9; Gale v. Shillock, 4 Dak. 182, 29 N. W. 661; Smith v. Gale, 144 U. S. 509, 36 L. ed. 521, 12 Sup. Ct. Rep. 674; Comp. Laws 1913, § 7846.

Land contracts are terminated by notice, and "such notice must be given notwithstanding any provisions in the contract to the contrary. It is the only mode of eliminating the rights of the vendee." Chapman v. Propp, 125 Minn. 447, 147 N. W. 442; Sylvester v. Holasek, 83 Minn. 362, 86 N. W. 336; Lamprey v. St. Paul & C. R. Co. 89 Minn. 187, 94 N. W. 555; Finnes v. Selover, B. & Co. 102 Minn. 334, 113 N. W. 883; Barnes v. Hulet, 34 N. D. 576, 159 N. W. 25.

*John O. Hanchett* and *Gilbert C. Rode,* for respondent.

A deed executed and acknowledged by the grantor, with the name of the grantee left blank, to be inserted by an agent, is invalid for any purpose until the name of the grantee is inserted therein. Burns v. Lynde, 6 Allen, 305; Curtis v. Cutler, 37 L.R.A. 737, 22 C. C. A. 16, 40 U. S. App. 233, 76 Fed. 16; Newton v. McKay, 29 Mich. 1; Allen v. Allen, 48 Minn. 462, 51 N. W. 473; Allen v. Withrow, 110 U. S. 119, 28 L. ed. 90, 3 Sup. Ct. Rep. 517.

The finding of the trial court, that the defendant abandoned the land and the contract, is sustained by the evidence, and will not be disturbed. Abandonment is a ground for cancelation of the contract. Cughan v. Larson, 13 N. D. 373, 100 N. W. 1088.

"The mutual rights and obligations of the parties to a written contract for the purchase and sale of real estate may be waived and the contract annulled and extinguished by parol." Mahon v. Leech, 11 N. D. 181, 90 N. W. 807; Ferris v. Jensen, 16 N. D. 466, 114 N. W. 372; Helgebye v. Dammen, 13 N. D. 167, 100 N. W. 245.

"A contract for the sale of real estate may be waived by abandonment of the land and of the contract by the vendee, and his rights thereunder extinguished thereby." Ottow v. Friese, 20 N. D. 86, 126 N. W. 503; Mahon v. Leech, 11 N. D. 181, 90 N. W. 807; Wadge v. Kittleson, 12 N. D. 452, 97 N. W. 856.

Robinson, J. The plaintiff brings this action to quiet his title to 160 acres of land in Wells county. The defendant claims specific performance as the assignee of a cropping land contract of sale, and under a special contract, dated June 3, 1911, whereby he agreed to pay to the plaintiff $450 on the 15th day of October, 1915, and to summer fallow the lands under cultivation during the season of 1911. But the defendant did not pay the $450; he did not summer fallow the land; he has never paid any taxes on it; he never did a thing towards complying with the contract for the purchase of the land. The original purchaser agreed to pay for the land $3,840, with interest from November, 1906, and to pay all taxes. His payments were less than the interest. He had no real equity in the land. In February, 1912, the plaintiff served on defendant a written notice to cancel the contract by reason of the failure to pay the $450 and to summer fallow the land. Defendant claims the notice was void, but that is of little consequence, as the defendant makes no showing to appeal to a court of law or equity.

Specific performance cannot be enforced in favor of a party who has not fully and fairly performed all the conditions of the contract on his part, except when his failure to perform is only partial and either entirely immaterial or capable of being fully compensated. A party seeking specific performance must make some showing of good faith and

fairness on his part. There is no such showing in this case. Judgment affirmed.

On Petition for Rehearing (Filed June 22, 1917).

ROBINSON, J. The motion for a rehearing is grossly erroneous in assuming that the court is under obligations to consider and decide every point or any point, except the turning points in the case. Regardless of any question concerning the statutory cancelation of the contract, the decision clearly shows that the defendant has done nothing to comply with the contract, and he has no equity on which to claim specific performance. On that point the decision is against the defendant, and it is a cancelation of his contract as effectually as if it declared the contract null and void. The law respects form less than substance. The court has always had power to cancel contracts for the sale of land, and the method of cancelation provided by statute is merely cumulative and concurrent; and in this case, to make assurance doubly sure, the plaintiff has effectually resorted to both methods. While the written notice of cancelation appears to have been in compliance with the statute, yet in this case there was no occasion for any such notice. Rehearing denied.