DWIGHT FARM & LAND COMPANY, a Foreign Corporation, Plaintiff and Respondent, v. A. H. JOHNSON, and All Other Persons Unknown, Claiming Any Estate or Interest in or Lien or Encumbrance upon the Property Described in the Complaint, Defendants, and Now, A. H. JOHNSON, Alone, Defendant and Appellant.

(173 N. W. 752.)

**Contracts — sale of land — nonperformance.**

 A contract of sale does not live forever when there is no performance under it. After the lapse of twenty years without any performance of a contract for the purchase of land, the holder of the contract is in no position to assert any right or claim under it.

Opinion filed June 28, 1919.

Appeal from the District Court of Steele County, Honorable A. T. Cole, Judge.

Affirmed.

*Chas. A. Lyche,* for appellant.

Where it appears on the face of a contract for the sale of land that the prohibition of assignment is not the main purpose of the covenant, but the mere means to a securing for such purpose, a contract is assignable in equity, and the assignee has all the equitable rights of his assignor. Grigg v. Landis, 21 N. J. Eq. 495; Cheney v. Bilby, 20 C. C. A. 291, 36 U. S. App. 720, 74 Fed. 52; Wagner v. Cheney, 16 Neb. 202, 20 N. W. 222; Johnson v. Eklund, 72 Minn. 195, 75 N. W. 14.

When it appears that the object for inserting a nonassignable clause

has been accomplished, and that the purchase money has been permitted to be paid or tendered to the vendor, and that nothing remains to be done but to execute a deed to the purchaser, the vendor cannot be heard to allege as an excuse for not making a conveyance that at a certain time the purchaser of the land assigned a contract of purchase without his consent. Poehler v. Reese, 78 Minn. 71, 80 N. W. 847; Auxier v. Taylor, 102 Iowa, 673, 72 N. W. 291; Coles v. Shephard, 16 Minn. 153; Case v. Wolcott, 33 Ind. 5; 39 Cyc. 1384, 1386 (B).

Whenever by the terms of an obligation a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with his provisions, he may be relieved therefrom upon making full compensation to the other party, excepting in case of a grossly negligent, wilful, or fraudulent breach of duty. Comp. Laws 1913, § 7138; 39 Cyc. 1559, 1560 and cases cited.

A delay or default in payment on the part of the purchaser is excused, and a nonforfeiture can be had when the vendor's conduct is responsible for or leads the purchaser to refrain from making payment in accordance with the terms of the contract. 39 Cyc. 1561–1564, 1606, C, and cases there cited; Hudson v. Jones, 143 S. W. 197; Newberry v. Langan, 47 Can. S. C. 114; 17 B. C. 88; Dist. Cushing v. Knight, 46 Can. S. C. 555; Constr. Co. v. Vansickler, 51 Can. S. C. 274, 31 Ont. L. Rep. 531; 6 Ont. Week. N. 526; Boyd v. Richards, 29 Ont. L. Rep. 119, 4 Ont. Week. N. 1415; Nelson v. Geaskawyer (Minn.) 87 N. W. 1121; Plummer v. Kelley, 7 N. D. 88; Bennett v. Glaspell, 15 N. D. 239; Fargusson v. Talcott, 7 N. D. 183; Cughan v. Larson, 13 N. D. 373; Boyum v. Johnson, 8 N. D. 306; Russell v. Timmins, 13 N. D. 487; Kicks v. Bank, 12 N. D. 576.

Conduct on the part of the purchaser which is not inconsistent with the continuance of the contract in full force and effect does not amount to an abandonment. 39 Cyc. 1353, A, 2; Chapman v. Propp, 125 Minn. 447, 147 N. W. 442; Wheaton v. Collins, 84 Atl. 271; Comp. Laws, 1913, §§ 5471, 5529; Wright v. Jones, 23 N. D. 101; Zerfing v. Seeling (S. D.) 80 N. W. 140; Conklin v. Kruse, 36 L.R.A.(N.S.) 1124, and the extensive notes to this case; Doran v. Dazey, 5 N. D. 167.

*P. O. Sathre*, for respondent.

The property in question is in possession of third parties. It has been improved and increased materially in value. All this has taken

place with the full knowledge of the defendant, and he cannot at this time be heard to assert his right to the premises. Mahon v. Leech, 11 N. D. 181, 90 N. W. 807; Rogers v. Van Northwick, 58 N. W. 757; Melms v. Pabst Brewing Co. 66 N. W. 518; Willard v. Wood (U. S.) 41 L. ed. 540; Hagerman v. Bates (Colo.) 38 Pac. 1104; Mathews v. Burdick, 38 Fed. 896; Miles v. Vivian, 79 Fed. 853; Schlawig v. Purslow, 59 Fed. 853; Burgese v. St. Louis C. R. Co. (Mo.) 12 S. W. 1054; Stuart v. Holland, 179 Fed. 193; Berwick v. Dorris, 174 Fed. 506; Fowlers v. Alabama Iron Co. (Ala.) 51 So. 395; State v. Warner Valley Stock Co. (Or.) 106 Pac. 778. See also Ottow v. Friese, 20 N. D. 86.

Where one of the parties was, during the statutory time, as required under § 5471, Comp. Laws 1913, in actual and open adverse and undisputed possession of the land, the title thereto became vested in such party. Comp. Laws 1913, § 5471; Paiver v. Ketching, 10 N. D. 254; Woolfolk v. Albrecht, 22 N. D. 36; Streeter v. Fredrickson, 11 N. D. 300; Schneller v. Plankinton, 12 N. D. 561; Stiles v. Granger, 17 N. D. 502; Wright v. Jones, 23 N. D. 191.

Robinson, J. This is an appeal from a judgment quieting plaintiff's title to a quarter section of land in Steele county. Defendant appeared and by answer asserted a claim of title to the land as assignee of a cropping contract of sale made by the plaintiff to defendant's assignor. The contract was made twenty-two years ago, and there is no claim of the least performance under it. Neither the defendant nor his assignor have paid any taxes on the land, nor ever paid a dollar or anything on the contract or done anything toward performance.

In the opinion of the writer it requires some nerve to assert a claim under such a contract. But defendant claims that he is an innocent purchaser; that he took the contract without reading it or knowing that it provided against any assignment; and that he has at all times been ready and willing to comply with the contract, and that plaintiff has been at fault in not recognizing his rights as an assignee; also, that the plaintiff has done nothing to cancel the contract.

Such a plea is futile. It is obviously without any merit and contrary to the decision of this court in Nelson v. McCue, 37 N. D. 183, 163 N. W. 724. After a lapse of more than twenty years without any perform-

ance of the contract, the defendant is in no position to assert any rights or claim under it. The judgment is clearly right, and it is affirmed, with costs, and directions that the case be remanded forthwith.

GRACE and BRONSON, JJ., concur in the result.